(8 Misc. Rep. 29.)

## BREWSTER v. WOOSTER.

(Superior Court of New York City, General Term. April 2, 1894.)

EVIDENCE—PROOF OF VALUE—UNSWORN APPRAISEMENT.
An unsworn appraisement of property, made by a third person, is not evidence of the value of the property.

Appeal from jury term.

Action by William J. Brewster against George H. Wooster to recover $17,000 paid by plaintiff as his share of the purchase money of certain steam boilers and other machinery, amounting to $44,000, sold by defendant to H. Bateman, H. S. Brown, and plaintiff, all of which plaintiff claims was not transferred by defendant. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

For former reports, see 9 N. Y. Supp. 312, 30 N. E. 489.

Plaintiff's share was to be paid by conveying to defendant a certain piece of property,—subject to a certain incumbrance,—to be valued at $9,000, and another piece of property to be taken for $8,000. Defendant afterwards made a proposition to have plaintiff give him certain horses, carriages, etc., instead of the piece of property to be taken for $8,000, which plaintiff did, and gave him the deed for the first-named piece of property, and thus completed his payment of $17,000. The appraisement referred to in the opinion was made by Mr. Lawrence, on account of, and at the instance of, defendant, of the 133d street property which Bateman was to transfer to defendant as part of his share for the machinery.

Argued before SEDGWICK, C. J., and DUGRO, J.

Thomas B. Browning, for appellant.
Arnoux, Ritch & Woodford, for respondent.

DUGRO, J. I think it was error—which, under the law of the case bearing upon the rule fixing the amount of a recovery, as laid down in the charge, may have prejudiced the defendant—to admit in evidence a copy of the appraisement made by Mr. Lawrence. This paper was offered and read in evidence against the objection of defendant. It was not competent evidence as to the value of the property referred to in it, and may have misled the jury in that regard. That the plaintiff's counsel offered and made use of it as such evidence, and endeavored by it to influence the jury in determining the value of the 133d street property, is evident from his cross-examination of the witness Brown:

"Q. Do you know Mr. J. A. Lawrence, the broker who was an appraiser for the Mutual Life? * * * A. Only by reputation. * * * Q. * * * By hearsay, was not his reputation that of an excellent appraiser?"

These questions could have no purpose other than to induce the jury to consider Lawrence's appraisal as evidence of value, and such consideration was improper.

That the amount of the verdict is not excessive is by no means certain. Under what we believe to be the true rule of law applicable to the amount of the recovery, it seems that it is. It is, however, unnecessary to pass upon this question.

The learned trial judge, in charging, said, regarding the rule as to the amount of a recovery:

"If you find for the plaintiff, you must deduct from such sum as you believe to be the value of the equity in the Fifty-Ninth street house, of the horses, * * * the value of the goods which the plaintiff sold, and received money for, unless you find that the defendant has already been compensated in that regard by the property received from either Bateman or Brown, or both of them, in which case the law would require you to make that deduction from the value of the property which you believe the plaintiff parted with."

This portion of the charge was not objected to, and so was the law of the case at the trial. It may be well to refer to it now, that upon a new trial it may not prove misleading. It appears that plaintiff and his associates jointly received defendant's property. In the absence of its return to the defendant, the recovery of the plaintiff, as the case stands, ought to be limited to the value of the property he delivered to the defendant, less the value of the goods delivered to the plaintiff and his associates by the defendant. This rule seems the proper one applicable to the case. If it were otherwise, the plaintiff could gain an unfair advantage over his associates or the defendant. If he chooses to bring an action, not making his associates parties, and making no arrangement equivalent to a return of the goods not taken by defendant, he must bear the burden of the conditions. Upon the whole case, I think justice requires that the judgment should be reversed, and a new trial ordered, with costs to abide the event.